## Adrian F. Sherman and R. E. Ellis, Appellants, v. Charles M. Hayes, H. A. Redding, Jr. and Chicago Motor Club, Appellees.

### Gen. No. 22,516.

CORPORATIONS, § 124*—*when contract for turning in personal property at face value in payment of capital of proposed corporation is invalid.* A contract, pursuant to which the property and good-will of an insurance exchange for the insurance of · automobiles among its members, upon a sufficient number of contracts of insurance being issued so as to produce a specified premium income, is to be turned in on the basis of such premium income at its face value in payment of the capital stock of a proposed corporation, is invalid under Hurd's Rev. St. ch. 32, sec. 4 (J. & A. ¶ 2421), providing, with reference to capital paid, that if any proportion of the capital has been paid in property the claim should be appraised by the commissioners and the fair cash value thereof reported.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917.

LEWIS A. STEBBINS and A. A. McKINLEY, for appellants.

MILLER, GORHAM & WALES, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

By their bill (technically an amended and supplemental bill) complainants sought by injunction to restrain the defendants from acting contrary to the terms of a certain contract. Demurrers interposed were sustained and the bill ordered dismissed for want of equity. Complainants, appealing, ask that this order be reversed.

The bill avers a contract between the Chicago Motor Club and Hayes, its president, permitting him to organize an interinsurance exchange for the insurance of automobiles among its members; also a contract between complainants and Hayes that he should devote all his time, not occupied with his duties as president of the motor club, to the organization of this insurance exchange; that when contracts of insurance covering three hundred automobiles, producing a premium income of $30,000, should be acquired, the good-will and going business should be deemed worth $30,000 and a corporation should be organized with capital stock of $30,000, of which $10,000 should be in the name of Hayes, $10,000 in the name of Sherman and $10,000 in the name of Ellis, or, to put it briefly, that the property of the insurance exchange should be turned in at a value of $30,000 in payment of the capital of the proposed corporation. Complainants assert the violation of these contracts and seek relief.

We hold that the contract between Hayes and complainants is repugnant to the statute and void. The statute on corporations (chapter 32, Hurd, sec. 4, J. & A. ¶ 2421), in ordering the process of incorporation says, with reference to the capital paid in: "If any proportion of the capital has been paid in property, the same shall be appraised by said commissioners and they shall report the fair cash value thereof." The contract in question ignores this statutory requirement and attempts by the dictum of the parties to fix this "fair cash value" of the "good-will and going

business'' of an organization as yet without either. It provides for the payment of the entire capital of the proposed corporation by an arbitrary determination of the cash value of that which from its very nature, under the circumstances, could have only an uncertain and speculative value, if any. Intangible property or property with no ascertainable market value can be valued only at such a price as could be realized by selling it to others. In so holding we are in harmony with what was said in *Gillett v. Chicago Title & Trust Co.*, 230 Ill. 373.

In this view of the matter it is unnecessary to note other considerations presented and argued.

For the reason that the contract in question is non-enforceable, complainants are not entitled to the relief sought. The demurrers were properly sustained, and the order dismissing complainants' amended and supplemental bill is affirmed.

*Affirmed.*